UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NORMAN RONNIE HANSEN, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:24-cv-00278-JAW |
| | ) | |
| HOMESITE INSURANCE COMPANY | ) | |
| OF THE MIDWEST, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR MORE DEFINITIVE STATEMENT**

Defendants Homesite Insurance Company of the Midwest (Homesite), American Family Insurance Claims Services (AFICS), and American Family Mutual Insurance Company, S.I.'s (AmFam Mutual) (collectively the Moving Parties) ask the Court to order Plaintiff to provide a more definite statement regarding his claim. (Motion, ECF No. 16.) Following a review of the record and after consideration of the parties' arguments, the Court denies the motion.

**PROCEDURAL BACKGROUND**

Plaintiff, proceeding pro se, filed his complaint on August 2, 2024. (Complaint, ECF No. 1.) The complaint filed with the Court was evidently incomplete and included only Homesite and AFICS as defendants. (*Id.* at 1.) The complaint Plaintiff provided to the Moving Parties listed Homesite, AFICS, AmFam Mutual, Geico Insurance Company, and Berkshire Hathaway, Inc. as defendants. (Complaint Provided to Moving Parties at 1, ECF No. 16-1.) On September 19, 2024, following an order from the Court, Plaintiff filed

a corrected complaint. (Corrected Complaint, ECF No. 21.) The Court deemed the corrected complaint to be the operative pleading. (Procedural Order at 1, ECF No. 19.)

On September 18, 2024, the Moving Parties filed a motion for definite statement pursuant to Fed. R. Civ. P. 12(e). The Moving Parties argue that a more definite statement is necessary to address organizational defects and clarify what the allegations against AmFam Mutual are. (Motion at 3–6.) Plaintiff filed his response to the motion on October 8, 2024. (Response, ECF No. 23.) In his response to the motion, Plaintiff does not argue that a more definitive statement is not warranted, but instead provides more information about his claim. (*Id.*) With the response, Plaintiff filed several exhibits. (Exhibits, ECF No. 23-1–59.) Plaintiff subsequently filed more exhibits. (Exhibits, ECF Nos. 24-1–4, 25-1–10, 26-1–7.) The Moving Parties argue that Plaintiff's response did not address their concerns. (Reply, ECF No. 27.)

## DISCUSSION

The Federal Rules of Civil Procedure provide that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[M]otions for a more definite statement are not favored." *Delta Educ., Inc. v. Langlois*, 719 F. Supp. 42, 50 (D.N.H. 1989). They are "designed to strike at unintelligibility, rather than at lack of detail in the complaint." *Cox v. Maine Mar. Acad.*, 122 F.R.D. 115, 116 (D. Me. 1988).

First, while the Moving Parties accurately note that Rule 10(b) requires that a party state its claim in separate numbered paragraphs, the Court is mindful that some leeway in

pleadings is given to pro se parties. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (A pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers.") The corrected complaint contains sufficient facts to notify the defendants of the factual bases of Plaintiff's claim. That is, Plaintiff's corrected complaint cannot be characterized as an unintelligible, unclear, or rambling pleading that typically necessitates a more definite statement. *See id.; Correia v. Hutchinson*, No. 1:23-cv-00334-JAW, 2024 WL 1051238, at *1 (Mar. 11, 2024). Perhaps more significantly, Plaintiff's response to the motion, which response Plaintiff captioned as a "complaint," is even more detailed and in a form that is more susceptible to a typical response.

The Moving Parties also argue that neither the corrected complaint nor Plaintiff's response to the motion for a more definite statement provides sufficient detail regarding Plaintiff's inclusion of AmFam Mutual as a defendant. (*See* Reply at 4.) In Plaintiff's response to the motion, Plaintiff explains the reason AmFam is joined as a defendant. (Response at 13-18.) If AmFam believes that Plaintiff's assertions are not actionable, AmFam can seeks its dismissal.

In sum, the Court finds that Plaintiff's subsequent filings provide the Moving Parties with sufficient detail regarding the bases of his claims. A more definite statement is not warranted.

## CONCLUSION

Based on the foregoing analysis, the Court denies the motion for a more definite statement. The Court deems Plaintiff's response to the motion to be Plaintiff's operative

pleading. The Court directs the Clerk to docket the response (ECF No. 23) as Plaintiff's amended complaint.

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 14th day of November, 2024.